1  A. PETER RAUSCH, JR. (State Bar No. 127930)
   LAW OFFICES OF A. PETER RAUSCH, JR.
2  7488 Shoreline Drive, Suite A-3
   Stockton, California 95219
3  Telephone: (209) 952-5000
   Facsimile:   (209) 952-5009
4
   Attorneys for Plaintiff
5  COZAD TRAILER SALES LLC

6  GREGORY T. MEATH (State Bar No. 180495)
   MEATH & PEREIRA
7  20 North Sutter Street, Suite 200
   Stockton, CA 95202-2907
8  Ph. (209) 942-3300
   Fx. (209) 942-3302
9  Attorney for Defendant
   RACKLEY BILT TRAILER SALES and
10 DANNY RACKLEY

12               UNITED STATES DISTRICT COURT

13               EASTERN DISTRICT OF CALIFORNIA

14                    SACRAMENTO DIVISION

| | |
|---|---|
| COZAD TRAILER SALES LLC., a California limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> RACKLEY BILT TRAILER SALES, INC., a California corporation, DANNY RACKLEY, an individual, <br><br> Defendants. <br>_____ | Civil Action No. 2:05-cv-1181- WBS <br><br> **STIPULATION FOR SETTLEMENT, PERMANENT INJUNCTION AND JUDGMENT** <br><br> ──────────────── <br><br> **ORDER** |

   Pursuant to an agreement to settle this action reached between the parties and recited on the record in open court following a voluntary early settlement conference held on October 5th, 2006 before the Honorable Magistrate Judge Dale Drozd:

                                    1

1   Plaintiff, Cozad Trailer Sales, LLC, a California limited liability company (herein after
2   "Cozad"), and Defendants Rackley Bilt Trailer Sales, Inc., a California corporation and/or Danny
3   Rackley, an individual, (herein after "Defendants") by and through their undersigned attorneys of
4   record, hereby stipulate and agree to settle this action and respectfully request that the Court
5   approve the terms of this settlement stipulation and enter the orders, injunctions and judgments as
6   agreed upon, requested and specifically set forth below.

**A.   Entry of Permanent Injunction / Final Judgment.**

The parties stipulate and agree that a permanent injunction be entered as the Final Judgment in this action on the following terms:

Whereas, Plaintiff, COZAD TRAILER SALES, LLC, a California limited liability company (herein after "Cozad"), has filed this action for a Permanent Injunction, under the Lanham Act (15 U.S.C. §1051, et seq.) alleging that Defendants Rackley Bilt Trailer Sales, Inc., a California corporation and/or Danny Rackley, an individual, (herein after "Defendants") appear to be selling goods or threatening to sell goods in violation of Plaintiff's trade dress interests, and

Whereas, Defendants have engaged counsel and both parties have agreed to stipulate to the issuance of a Permanent Injunction in lieu of trial.

IT IS HEREBY ORDERED, DECREED AND ADJUDGED, that:

1.   Defendants, and each of them, are hereby permanently restrained, prohibited and enjoined from making use in any manner of Plaintiff's trade dress interest and from selling any low-bed heavy haul industrial trailer or any other custom built special application trailer infringing Plaintiff's trade dress interest and specifically the use or incorporation of multiple round holes spaced proportionally in between cross members of the trailer assembly in and along the webs located anywhere on the trailers, including, specifically, all Decks, Goosenecks, Jeeps, Dollies, Towers, Crossmembers and Rear Bumper Assemblies.

2. Defendants, and each of them, are hereby permanently restrained, prohibited and enjoined from selling any low-bed heavy haul industrial trailer or any other custom built special application trailer, unless:

    A. Mud Flaps prominently displaying the name "Rackley Bilt" have been installed on the back of the Jeeps and Dollies; and

    B. Decals approximately four (4) inches by twelve (12) inches large and prominently displaying the name "Rackley Bilt" have been affixed in multiple locations on and along the webs located along all Decks, Goosenecks, Jeeps and Dollies.

3. The Court hereby retains jurisdiction to enforce the terms of this Order and Judgment.

**B. Other Terms of Settlement.**

The parties further stipulate and agree that:

1. This Stipulation and the Stipulated Permanent Injunction issued as a result, shall not be construed as an admission of infringement by Defendants.

2. This Stipulation and the Stipulated Permanent Injunction issued as a result, shall not be construed to prevent Rackley from making repairs to existing trailers where such repairs require, include or involve the making or repairing of rounds holes in the trailer frame or body to the extent necessary to make repairs.

3. Defendants shall not oppose, interfere or assist any other person or entity in opposing or interfering with any application made by Plaintiff to the United States Patent and Trademark Office to register and protect its trade dress as to the elements of trade dress claimed in this action.

4. Defendants shall pay to Plaintiff the sum of Sixty Thousand Dollars ($60,000.00) as follows:

    a. Thirty Thousand Dollars ($30,000.00) on or before November 5th, 2006, and

    b. Thirty Thousand Dollars ($30,000.00) on or before April 5th, 2007.

1  5. The Court shall retain jurisdiction to enforce the terms of this Stipulation for
2  Settlement and the Permanent Injunction and Judgment entered hereon.

3  6. Except for those claims specifically reserved herein, each of the parties does hereby
4  fully release and forever discharges the other parties, and their present and former employees,
5  agents, predecessors, successors, attorneys, and representatives, of and from any and all claims,
6  debts, rights, liabilities, damages, costs, expenses, attorney's fees, causes of action and lawsuits,
7  of every kind, nature or description, whether known or unknown, suspected or unsuspected, fixed
8  or contingent, which they ever had, have now, or may hereafter acquire, upon or by reason of any
9  matter, cause or thing whatsoever accruing, occurring, or arising at any time prior to the
10 execution of this AGREEMENT, including, but not limited to, those arising from, referring to, or
11 in any manner related to this action or which could have been raised in the action.  The parties
12 covenant and promise that they shall forever refrain from prosecuting, initiating, or maintaining
13 any action, suit or claim against the other, whether in their own right or by assignment, based
14 upon any of the facts, matters, or relationships which are the subject of the release set forth
15 above.

16  Except for those claims specifically reserved herein, the parties understand and agree that
17 there is a risk that subsequent to the execution of this release, a party might incur or suffer loss,
18 damage or injury which is in some way related to, or caused by, matters, or transactions which
19 are the subject of the Lawsuit, but which were unknown or unanticipated at the time this
20 AGREEMENT is signed.  Nevertheless, as part of the consideration and as inducement for the
21 execution of this AGREEMENT, the parties, with full knowledge and with a specific intent to
22 release all claims, both known and unknown, suspected or unsuspected, do hereby specifically
23 waive the provisions of section 1542 of the California Civil Code which reads:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.**

4

Notwithstanding the provisions of Civil Code section 1542, and for the purpose of implementing full and complete releases, the parties expressly acknowledge that, except for those claims specifically reserved herein, this AGREEMENT is intended to include in its effect, without limitation, all claims, known or unknown, suspected or unsuspected, that any party may have, and this AGREEMENT further contemplates the extinction of any and all such claims.  The parties have sought the advice of counsel prior to signing this release and do so voluntarily with full knowledge of its significance, and with the express intention of effecting and avoiding the legal consequences provided by Civil Code section 1542.  Except for the rights specifically reserved herein, the parties expressly waive any right hereafter to assert that any claim, through ignorance or oversight, has been omitted from this AGREEMENT.  Each of the parties assumes full responsibility for any injury, damage, loss, or liability of any kind or nature whatsoever from the above-referenced waiver.

Dated:  November 21, 2006                    Respectfully Submitted;

LAW OFFICES OF A. PETER RAUSCH, JR.


By:  /s/ A. Peter Rausch, Jr.
         A. Peter Rausch, Jr.
Attorneys for Plaintiff
Cozad Trailer Sales LLC.


**[Submitted via E-Filing]**

MEATH & PEREIRA


By:  /s/ Gregory T. Meath
Gregory T. Meath
Attorneys for Defendants
Rackley Bilt Trailer Sales, Inc.,and Danny Rackley


**[Submitted via E-Filing]**

5

**E-FILING SIGNATURE ATTESTATION**

I hereby attest that I have been expressly authorized by opposing counsel to affix his signature above as indicated by a "conformed" signature (/S/) within this e-filed document.

November 9, 2006                    /s/ A. Peter Rausch, Jr.
                                    A. Peter Rausch, Jr.

                                    **[Submitted via E-Filing]**

**ORDER**

IT IS SO ORDERED

Date:  November 20, 2006

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE